IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00167-LTB-BNB

RIGOBERTO SALINAS,

Plaintiff,

v.

H.A. RIOS, Warden, FCI/FPC Florence,
B. SERRANO-CLOWERS, M.D., Staff Physician, U.S. Bureau of Prisons,
HARLEY LAPPIN, National Director, Federal Bureau of Prisons,
G.L. HERSHBERGER, Regional Direcvtor, Federal B.O.P.,
E.J. GALLAGOS, Warden, USP Leavenworth,
D. THARP, M.D. FCI/FPC Florence, Clinical Director,
R. SPADA, M.S., Regional Director, Federal B.O.P.,
M. AZUMAH, P.A., FCI/FPC Florence, and
C. LAMB, Medical Administrator, FCI/FPC Florence,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the following motions:

(1) **Defendant Dr. R. Spada's Motion to Dismiss**, filed June 29, 2005;

(2) **Defendants' M. Azumah and C. Lamb's Motion to Dismiss**, filed June 29, 2005;

(3) **Defendants' E.J. Gallegos, H.A. Rios, and G.L. Hershberger's Motion to Dismiss**, filed June 29, 2005; and

(4) **Defendant Dr. D. Tharp's Motion to Dismiss**, filed August 12, 2005.

For the following reasons, I respectfully RECOMMEND that the Motions be GRANTED insofar as they seek dismissal for failure to exhaust administrative remedies. I further recommend that the Complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

### I. STANDARD OF REVIEW

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") in Bastrop, Texas. Prior to his transfer to Texas, the plaintiff was incarcerated at the Federal Prison Camp in Florence, Colorado.

The plaintiff filed his initial Complaint on January 31, 2005. The Complaint's allegations are based on his incarceration in Colorado. The plaintiff was ordered to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies as to all of his claims. *Order to Show Cause*, issued March 21, 2005. In response to the show cause order, the plaintiff filed an Amended Complaint on April 4, 2005.

The Amended Complaint alleges that the plaintiff has a tumor-like growth the size of a softball in his chest and abdominal area; he is in pain; and the BOP has failed to diagnose and treat the plaintiff's chronic pain and illness. The Amended Complaint asserts two claims. Claim One

alleges "Conspiracy: Willful and deliberate refusal to diagnose and treat my symptoms and pain." Id. at fifth consecutive page. The plaintiff alleges that all of the named defendants conspired to refuse him treatment. *Plaintiff Salinas' Combined Responses to Defendants' Serrano-Clowers and Tharp's Motion to Dismiss*, p. 3; *Plaintiff's Combined Responses to Defendants M. Azumah, C. Lamb, and Dr. R. Spada's Motions to Dismiss*, p. 3; *Plaintiff's Response to Defendants E.J. Gallegos, H.A. Rios, and G.L. Hershberger's Motion to Dismiss*, p. 3 (all filed on October 27, 2005). Claim Two alleges "Violation of Eighth Amendment Right to be free of Cruel and Unusual Punishment." *Amended Complaint*, sixth consecutive page.

### III.  ANALYSIS

The defendants move for dismissal of the Amended Complaint for numerous reasons, including failure to exhaust administrative remedies. Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit in court, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001).

BOP regulations require an inmate first to attempt an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate then may seek formal review by the Warden of an issue which relates to any aspect of his confinement. Id. at §§ 542.10, 542.14.

3

>An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

The Tenth Circuit Court of Appeals reiterated in <u>Steele v. Federal Bureau of Prisons</u>, 335 F.3d 1204 (10th Cir. 2003), the importance of the exhaustion requirement:

>The administrative review by correction officials is intended to reduce the quantity and improve the quality of prisoner suits. It should correct problems in meritorious cases, filter out some frivolous claims, and, in any event, facilitate adjudication by clarifying the contours of the controversy.
>
>Under the plain statutory language and the Supreme Court case law, the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court.

<u>Id.</u> at 1207 (citations and internal quotations omitted). Section "1997e(a) gives prisons and their officials a valuable entitlement--the right *not* to face a decision on the merits." <u>Id.</u> at 1212-13 (emphasis in original) (citations and internal quotations omitted).

In order to show exhaustion, an inmate must "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." <u>Id.</u> at 1210 (internal quotations omitted).

>In deciding a Rule 12(b)(6) motion based on exhaustion, the court may consider the attached administrative materials. And if the prisoner does not incorporate by reference or attach the

4

>administrative decision, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. . . . Accordingly, the court may determine from the complaint, as supplemented by administrative documents or a declaration, that a prisoner has failed to exhaust his prison remedies and may dismiss the action pursuant to Rule 12(b)(6).

Id. at 1212.

I have reviewed the administrative materials attached to the Complaint, the Amended Complaint, the Motions, and the plaintiff's responses to the Motions. It appears that the plaintiff filed an informal grievance on September 24, 2003, requesting that he be sent to a local hospital or specialist because he was not receiving appropriate medical care for bumps in his throat and discomfort in his chest and abdomen. *Defendant Dr. R. Spada's Motion to Dismiss*, Exhibit A-2.[1] Defendant Warden Gallegos responded to the informal grievance on October 10, 2003. Id.

On October 31, 2003, the plaintiff filed a formal Request for Administrative Remedy from Warden Gallegos. Id. at Exhibit A-3. He complained of constant pain in his abdomen, back, and heart. He requested transport to a local hospital or a specialist to be diagnosed and treated because he had "not received any treatment from staff" for his symptoms. Id. Warden Gallegos responded to the grievance on November 24, 2003. Id. at Exhibit A-4.

On December 12, 2003, the plaintiff submitted an appeal to the Regional Director. Id. at Exhibit A-5. He stated that he felt very ill with chest, abdominal, and lower back pain, and an "irritated gut[]." He further stated that he had been complaining for three months but had not received any medical attention. He requested that his condition be considered a medical

---

[1]The defendants have attached numerous redundant exhibits to the motions filed on June 29, 2005. For example, attached to Defendant Dr. R. Spada's Motion to Dismiss are six copies of Exhibit A-4, six copies of Exhibit A-5, five copies of Exhibit A-6, four copies of Exhibit A-7, three copies of Exhibit A-8, and two copies of Exhibit A-9.

emergency and that he be sent to a hospital to be diagnosed.  Id.  Defendant G.L. Hershberger, Regional Director, responded to the grievance on March 11, 2004.  Id. at Exhibit A-8.

The plaintiff appealed to the General Counsel on March 1, 2004.  Id. at Exhibit A-7.  The appeal states the following:

> I've had infection like bumps inside my mouth for over 2 [years].  I have been refused a diagnosis.  I've complained of a bite in the crease of my thigh, posibly [sic] being a tick bite, and have requested a lime [sic] deasease [sic] test but have also been denied. In the past 5 [months] my problem has become serious with constant pain to the throat, heart abdomine [sic] and kidnies [sic]. My b/w has confirmed high liver enzymes and still I am being denied a proper diagnosis to my illness.  I am requesting to be sent to a hospital to be properly diagnosed an [sic] threated [sic].

Id.  Harrell Watts, Administrator of National Inmate Appeals, responded to the grievance on June 3, 2004.  Id. at Exhibit A-10.

The administrative materials demonstrate that the plaintiff exhausted his claim for denial of adequate medical care (Claim Two).  However, there is no evidence that the plaintiff exhausted his claim for conspiracy (Claim One).

The Tenth Circuit Court of Appeals has stated:

> The policies of the PLRA . . . strongly support a reading of that statue that requires inmates to exhaust fully all of their claims before filing in federal court.  If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.

Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004).

Because the plaintiff did not exhaust his administrative remedies as to Claim One, the Amended Complaint must be dismissed without prejudice.  Id.  See also Steele, 335 F.3d at 1211 (stating that "[i]n the absence of particularized averments concerning exhaustion showing the

nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e").

## IV. CONCLUSION

I respectfully RECOMMEND that the Motions be GRANTED insofar as they seek dismissal for failure to exhaust administrative remedies.

I further RECOMMEND that the Amended Complaint be DISMISSED WITHOUT PREJUDICE for failure to fully exhaust administrative remedies.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge